Case 7:16-cv-00225 Document 11 Filed in TXSD on 09/09/16 Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
September 09, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JULIA ANN FLORES | § | |
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. 7:16-CV-225 |
| | § | |
| UNITED STATES OF AMERICA | § | |

## OPINION AND ORDER

The Court now considers the motion to dismiss for failure to state a claim and the alternative motion for summary judgment filed by the United States of America ("Defendant").[1] Plaintiff has not responded. After considering the motions and relevant authorities, the Court **GRANTS** the motion for summary judgment.

**I. Background**

On May 10, 2016, Plaintiff filed her Original Complaint with the Court,[2] asserting a negligence action against Defendant under the Federal Tort Claims Act[3] (the "FTCA") for personal and property damage allegedly caused by an automobile accident with Defendant's employee.

On November 14, 2013, an employee of the U.S. Marshals Service, Thomas Gustavo Ayala, collided with the rear of Plaintiff's vehicle within the course and scope of his employment for Defendant.[4] Plaintiff submitted her administrative claim under the FTCA to the U.S. Customs and Border Protection on November 3, 2015, and it was received in that office on

---

[1] Dkt. No. 7.
[2] Dkt. No. 1.
[3] 28 U.S.C. § 2672, et seq.
[4] Dkt. No. 1, Dkt. No. 7.

November 10, 2015.[5] The claim was then referred to the U.S. Marshals Service on November 17, 2015, and ultimately received on December 2, 2015.[6]

## II. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[7] A fact is "material" if its resolution could affect the outcome of the action,[8] while a "genuine" dispute is present "only if a reasonable jury could return a verdict for the non-movant."[9] As a result, "[o]nly disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment."[10]

In a motion for summary judgment, the movant bears the initial burden of showing the absence of a genuine issue of material fact.[11] In this showing, "bald assertions of ultimate fact" are insufficient.[12] Absent a sufficient showing, summary judgment is not warranted, the analysis is ended, and the non-movant need not defend the motion.[13] On the other hand, the movant is freed from this initial burden on matters for which the non-movant would bear the burden of proof at trial; in that event, the movant's burden is reduced to merely pointing to the absence of evidence.[14]

---

[5] Dkt. No. 7, Ex. 1.
[6] *Id.*
[7] FED. R. CIV. P. 56(a).
[8] *Burrell v. Dr. Pepper/Seven UP Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007) (internal quotation marks and citation omitted).
[9] *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006) (citation omitted).
[10] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).
[11] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).
[12] *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978) (citation omitted).
[13] *See Celotex Corp.*, 477 U.S. at 323.
[14] *See id.* at 323-25; *see also Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995).

If the movant meets its initial burden, the non-movant must then demonstrate the existence of a genuine issue of material fact.[15] This demonstration must specifically indicate facts and their significance,[16] and cannot consist solely of "conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."[17]

**III.   Discussion**

Defendant argues that summary judgment is appropriate here because Plaintiff has failed to satisfy the statutory requirements of the FTCA.

The FTCA "waives the immunity of the United States" but imposes a statute of limitations as "a condition of that waiver."[18] The statute provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues . . . ."[19] A cause of action accrues under the FTCA "when the plaintiff knows or has reason to know of the injury which is the basis of the action."[20]

Defendant's summary judgment evidence establishes that the appropriate Federal agency for this tort claim is the U.S. Marshals Service. Plaintiff's complaint does not allege that the U.S. Customs and Border Protection is the appropriate Federal agency, and Plaintiff implicitly admits that the U.S. Marshals Service is the appropriate Federal agency by acknowledging both that Ayala was an employee of the U.S. Marshals Service[21] and that her claim was presented in

---

[15] *See id.*
[16] *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).
[17] *U.S. ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (citing *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)).
[18] *United States v. Kubrick*, 444 U.S. 111, 117 (1979).
[19] 28 U.S.C. § 2401(b).
[20] *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (quoting *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589–90 (5th Cir. 1999)) *cert. denied*, 530 U.S. 1274 (2000) (internal quotations omitted).
[21] Dkt. No.1, ¶ 7.

writing to the U.S. Marshals Service.[22] Since the accident occurred on November 14, 2013, that is the accrual date for this cause of action. Thus, Plaintiff was statutorily required to present her claim to the U.S. Marshal Service by November 14, 2015, two years from the accrual date. Defendant's summary judgment evidence establishes that the claim was not presented to the U.S. Marshals Service until December 2, 2015. Thus, Plaintiff did not timely file her claim, and has not alleged any grounds to excuse noncompliance with the statutory requirements of the FTCA.[23] In fact, since Plaintiff did not file an opposition to Defendant's motion for summary judgment, there is no controverted evidence concerning the appropriate Federal agency or the timeliness of her filed claim. Accordingly, the Court finds Plaintiff has failed to raise a genuine issue as to any material fact and **GRANTS** Defendant's motion for summary judgment.

### III. CONCLUSION

Based on the foregoing reasons, the Court finds Plaintiff failed to timely file her claim with the appropriate Federal agency. In turn, the Court **GRANTS** Defendant's motion for summary judgment and **DISMISSES** Plaintiff's claim.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 9th day of September, 2016.

_____
Micaela Alvarez
United States District Judge

---

[22] Dkt. No.1, ¶ 5.
[23] *See Fisher v. Johnson*, 174 F.3d 710, 713 (1999) (explaining that an untimely petition is allowed to proceed upon a showing of "extraordinary circumstances").